FILED IN OPEN COURT
U.S D.C. - Atlanta

NOV 29 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ORIGINAL

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRIMINAL NO. 1:07-CR-398-RWS

SUGAR BEAR, INC., defendant, having received a copy of the above-numbered Information and having been arraigned, hereby pleads GUILTY to Count One thereof. The defendant, its counsel, and the United States Attorney for the Northern District of Georgia ("the Government"), as counsel for the United States, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

1. **DEFENDANT'S ADMISSION OF GUILT**

   The defendant admits that it is pleading guilty because it is in fact guilty of the crime charged in Count One of the Information.

2. **TRIAL RIGHTS**

   The defendant understands that by pleading guilty, it is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the defendant would have the right to an attorney, and if the defendant could not afford an attorney, the Court would appoint one to represent the defendant. During the trial, the defendant would be presumed innocent and the Government would have the burden of proving it guilty beyond a reasonable doubt. The defendant would have the right to confront and cross-examine the witnesses against it. If the defendant wished, its representatives could testify on its own behalf and present evidence in its defense, and it could subpoena witnesses to testify on its behalf. If, however, the defendant did not wish to testify,

that fact could not be used against it.  If the defendant were found guilty after a trial, it would have the right to appeal the conviction.  The defendant understands that by pleading guilty, it is giving up all of these rights and there will not be a trial of any kind.  The defendant also understands that it ordinarily would have the right to appeal its sentence and, under some circumstances, to attack the sentence in post-conviction proceedings.  By entering this Plea Agreement, the defendant may be waiving some or all of those rights to appeal or collaterally attack its sentence, as specified below.  Finally, the defendant understands that, to plead guilty, its representative may have to answer questions posed to him by the Court concerning the rights that the defendant is giving up and the facts of this case, and the representative's answers, if untruthful, may later be used against the defendant or its representative in a prosecution for perjury or false statements.

3. <u>MAXIMUM STATUTORY PENALTIES</u>

The defendant understands that, based on its plea of guilty, it will be subject to the following maximum statutory penalties:
    (a) Maximum fine:  The greatest of
        (1) $5 million,
        (2) twice the gross pecuniary gain derived from the crime, and
        (3) twice the gross pecuniary loss to the victims of the crime.
    (b) Maximum term of probation:  Five (5) years.
    (c) Full restitution to all victims of the offense(s) and relevant conduct.
    (d) Mandatory special assessment:  $400.

The defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors,

the provisions of the United States Sentencing Guidelines. Ultimately, it is within the Court's discretion to impose a sentence up to and including the statutory maximum. The defendant also understands that no one can predict its exact sentence at this time.

4. <u>DISMISSAL OF CHARGES</u>

The Government agrees that upon the sentencing of the defendant, and with leave of the Court, it will file a dismissal of Counts 1, 3 and 15 of the Indictment pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. The Government also agrees that upon the sentencing of the defendant, and with leave of the Court, it will file a dismissal of Counts 1, 3, 4, and 6 of the Criminal Acton No. 1:04-CR-555-RWS on HENRICO MK, LLC, BOULEVARD C-STORE, INC., CENTURY MK, LLC, and SYNERGY PETROLEUM MK, LLC. It will also file a dismissal of all counts in Criminal Action No. 1:04-CR-555 against MANSOOR KARIMI. Finally, the government agrees to bring no further action against Delta MK LLC, Apex MK LLC and Chappell MK LLC upon sentencing of the Defendant.

5. <u>SENTENCING GUIDELINES APPLICATIONS</u>

The United States and the defendant agree that the appropriate disposition of this case is a sentence within the applicable Sentencing Guidelines range. The guidelines in this case are computed as follows:

    (a) The applicable offense guideline is Section 2L1.1.
    (b) The offense involved the smuggling, transporting, or harboring of fewer than six of more unlawful aliens, no adjustment
    (c) The total amount of the fine is $15,000.
    (d) The offense was committed other than for profit as defined by §2L1.1.

6. <u>PROBATION</u>

As previously stated in paragraph 5, the parties agree that in addition to the other penalties set forth in this Plea Agreement, imposition of a term of four years probation is appropriate in this case. The parties agree that such term of probation shall include as conditions at least the following:

- a) a reasonable number of regular or unannounced examinations of the defendant's books and records at appropriate business premises by the probation officer or experts engaged by the court to include an examination of defendant's employment records;
- (b) interrogation of knowledgeable individuals within the organization by the probation officer or experts engaged by the Court regarding the immigration and employment status of employees of Defendant;
- (c) the Defendant's developing and submitting to the United States and the Court a program to prevent and detect violations of law, including a schedule for implementation;
- (d) defendant shall make periodic reports to the Court or probation officer, at intervals and in a form specified by the Court, regarding the organization's progress in implementing the program to prevent and detect violations of law; and
- (e) compensation to and costs of any experts engaged by the court shall be paid by the defendant.

7. <u>SPECIAL ASSESSMENT</u>

The defendant agrees that, within 30 days of the guilty plea, it will pay a special assessment in the amount of $400 by money order or certified check made payable to the Clerk of Court, U.S.

District Court, 2211 U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303. The defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney within 30 days of the guilty plea.

8. RIGHT TO STATE FACTS AND MAKE RECOMMENDATION

The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the Government also reserves the right to make recommendations regarding application of the Sentencing Guidelines.

9. ADDITIONAL EVIDENCE

With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

10. LIMITED WAIVER OF APPEAL

To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack its sentence in

any post-conviction proceeding, including a § 2255, on any ground, except that the defendant may file a direct appeal of a sentence higher than the otherwise applicable advisory sentencing guideline range. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of its sentence. Likewise, the defendant knowingly and voluntarily waives all defenses, claims, and challenges of any kind to any forfeiture carried out in accordance with this Plea Agreement, including but not limited to all rule-based, constitutional, statutory, and equitable challenges and all challenges that could be made via direct appeal, habeas corpus petition, collateral attack, and any other means.

11. **VIOLATION OF TERMS OF PLEA AGREEMENT**

If the defendant fails in any way to fulfill each one of its obligations under this Plea Agreement, the Government may elect to be released from its commitments under this Plea Agreement. The Government may then prosecute the defendant for any and all Federal crimes that it has committed related to this case, including any charges dismissed pursuant to this Plea Agreement, and may recommend to the Court any sentence for such crimes up to and including the maximum sentence. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial defense to such a prosecution, except to the extent that such a defense exists as of the date it signs this Plea Agreement. In addition, the defendant agrees that, in such a prosecution, all admissions and other information that it has provided at any time, including all statements it has made and all evidence it has produced during proffers, interviews, testimony, and otherwise, may be used against it, regardless of any constitutional provision, statute, rule, or agreement to the

contrary. Finally, the defendant understands that its violation of the terms of this Plea Agreement would not entitle it to withdraw its guilty plea in this case.

12. NONBINDING

The defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw its guilty plea or to claim a breach of this Plea Agreement.

13. NO OTHER AGREEMENTS

There are no other agreements, promises, representations, or understandings between the defendant and the Government.

14. FORFEITURE

A. The United States and the defendant agree to resolve all forfeiture issues arising in connection with the facts and circumstances resulting in this criminal action in the following manner:

1. The United States of America ("United States"), by and through its agents, seized the following funds on or about November 9, 2004:
   (a) $3,314.29 Seized from Trustmark Bank Account XXXX6301;
   (b) $2,545.46 Seized from Fidelity National Bank Account XXXX1837;
   (c) $90,325.22 Seized from Fidelity National Bank Account XXXX4838;

(d) $12,273.91 Seized from Fidelity National Bank Account XXXX8581;

(e) $12,239.21 Seized from Fidelity National Bank Account XXXX8570;

(f) $61,142.50 Seized from Fidelity National Bank Account XXXX6040;

(g) $588,530.15 Seized from Fidelity National Bank Account XXXX2905;

(h) $77,525.72 Traceable to Fidelity National Bank Account XXXX2905;

(i) $47,503.44 Seized from Fidelity National Bank Account XXXX1904;

(j) $164,778.88 Seized from Fidelity National Bank Account XXXX1310;

(k) $162,954.61 Seized from Fidelity National Bank Account XXXX9514;

(l) $56,662.54 Seized from Wachovia Bank Account XXXX5747;

(m) $27,058.38 Seized from Wachovia Bank Account XXXXXXXX3634;

(n) $50,319.91 Seized from Fidelity National Bank Account XXXX0010;

(o) $10,212.86 seized from Fidelity National Bank Account No. XXX9459;

(p) $63,345.35 held in New York Life Insurance Policy XXXX8780 (Malik)

(q) $63,345.35 held in New York Life Insurance Policy XXXX8796 (collectively the seized properties).

2. The United States and the defendant agree, understand, and acknowledge that in consideration of the agreements by the United States set forth with more particularity below and in the Stipulation of Final Settlement and Release of All Claims

8

attached hereto as Exhibit A (hereinafter "Stipulation"), the Defendant agree to immediately forfeit any and all interest that it has in the following properties to the United States:

(a) $43,314.29 Seized from Trustmark Bank Account XXXX6301 held in the name of Delta MK;

(b) $27,058.38 Seized from Wachovia Bank Account XXXXXXXX3634, held in the name of Mansoor Karimi;

(c) $56,662.54 Seized from Wachovia Bank Account XXXX5747, held in the names of Malik Karimi and Shela Karimi;

(d) $12,239.21 Seized from Fidelity National Bank Account XXXX8570, held in the name of Apex MK;

(e) $61,142.50 Seized from Fidelity National Bank Account XXXX6040, held in the name of Century MK;

(f) $164,778.88 Seized from Fidelity National Bank Account XXXX1310, held in the name of Henrico MK;

(g) $47,503.44 Seized from Fidelity National Bank Account XXXX1904, held in the name of Chappel MK;

(h) $162,954.61 Seized from Fidelity National Bank Account XXXX9514, held in the name of Sugar Bear, Inc.;

(i) $90,325.22 seized from Fidelity National Bank Account XXXX4838, held in the names of Malik Karimi and Shela Karimi;

(j) $77,525.72 Traceable to Fidelity National Bank Account XXXX2905 held in the name of Sugar Bear, Inc.;

(k) $2,545.46 Seized from Fidelity National Bank Account XXXX1837, held in the name of Sugar Bear, Inc.;

(l) $12,273.91 Seized from Fidelity National Bank Account XXXX8581, held in the name of Synergy, Inc.

(m) $50,319.91 Seized from Fidelity National Bank Account XXXX0010 held in the names of Mansoor Karimi and Noorjehan Karimi

(n) $10,212.86 seized from Fidelity National Bank Account No.

            XXX9459, held in the name of Boulevard C-Store; and
(o)  $181143.10 of the $588,530.15 Seized from Fidelity National Bank Account XXXX2905, held in the name of Sugar Bear, Inc.

3.  In consideration of the Defendant's agreement to plead guilty in the above-styled criminal action, in consideration of Malik Karimi's agreement to plead guilty to Criminal Information No. 1:07-CR-397-RWS, and in consideration of the agreements of Shela Karimi; Mansoor Karimi; Noorjehan Karimi; Apex MK, LLC; Delta MK, LLC; Henrico MK, LLC; Boulevard C-Store, Inc.; Century MK, LLC; and Synergy Petroleum MK, LLC to the terms set forth in the attached Stipulation, the United States agrees to release all of its interest in the following properties:

(a)  $407,387.05 of the $588,530.15 seized from Fidelity National Bank Account XXXX2905, held in the name of Sugar Bear, Inc.

The United States further agrees that within two weeks of the time when Malik Karimi and Sugar Bear, Inc., enter their guilty pleas, it shall execute a release the lis pendens filed against the following properties:

(b)  Real property located at 1600 Girvin Ridge, Atlanta, GA;
(c)  Real property located at 1105 Holcomb Bridge Road, Atlanta, GA;
(d)  Real property located at 2964 S.E. Moreland Avenue, Decatur, GA;
(e)  Real property located at 4556 Ponce de Leon Avenue, Atlanta, GA;
(f)  Real property located at 580 McDonough Blvd, Atlanta, GA;
(g)  Real property located at 475 Windy Hill Road, Marietta,

       GA;
- (h) Real property located at 575 Chappel Road, Atlanta, GA;
- (i) Real property located at 486 Ponce de Leon Avenue, Atlanta, GA;
- (j) Real property located at 1111 Moreland Avenue, Atlanta, GA;
- (k) Real property located at 350 Moreland Avenue, Atlanta, GA;
- (l) Real property located at 2331 Peachtree Road, Atlanta, GA; and
- (m) Real property located at 354-356 Boulevard, Atlanta, GA.

Additionally, the United States agrees to immediately notify New York Life Insurance company by letter that it is releasing all claims to the following policies:
- (n) New York Life Insurance Acct. 44038780, held in the name of Malik M. Karimi, valued at approximately $63,345.35; and
- (o) New York Life Insurance Acct. 43998796, held in the name of Malik M. Karimi, valued at approximately $63,345.35.

4. The Defendant acknowledges that other than the releases of funds, interests in life insurance policies, and lis pendens described in Section 14, Subsection (A)(3) herein, it shall not be entitled to any other compensation of any form from the United States in connection with the facts and circumstances giving rise to this case, including but not limited to compensation for lost interest or penalties paid.

5. The Defendant understands, acknowledges, and agrees that its execution of this Plea Agreement releases any and all rights,

demands, damages, claims, suits, actions, or causes of action the Defendant has or may have had against any and all government or law enforcement agents involved in any seizure relating to the facts and circumstances giving rise to this case, the filing of any such lis pendens, or any such administrative, civil, or criminal forfeiture proceeding.

6. Once all conditions set forth in this Plea Agreement, the Plea Agreement of Malik Karimi, and the attached Stipulation have been met, ICE shall release all of the funds described in Section 14(A)(3)(a)-(f), above, via check made payable to Garland, Samuel & Loeb, PC, 3151 Maple Drive, N.E., Atlanta, Georgia 30305, phone number (404) 262-2225.

7. The Defendant represents that at the time of the seizure, it; Malik Karimi; Shela Karimi; Mansoor Karimi; Noorjehan Karimi; Apex MK, LLC; Delta MK, LLC; Henrico MK, LLC; Boulevard C-Store, Inc.; Century Mk, LLC; or Synergy Petroleum MK, LLC were in possession of all properties seized in connection with this case and the real properties described herein. Other than the interests claimed by Fidelity National Bank, Global Express Money Orders, and New York Life, no person or entity besides them has any interest whatsoever in the properties described in Section 14, (A)(1)(a) through (q). The Defendant further warrants and represents that all claims by Fidelity National Bank, Global Express Money Orders, and New York Life to the Seized Properties have been fully and finally resolved, and the Defendant hereby warrants, covenants, and represents that prior to executing this Final Settlement, it has not conveyed, transferred, pledged, or in any manner whatsoever assigned or encumbered the properties described in Section 14

(A)(a)(1)(a) through (q).

8. The Defendant understands, acknowledges, and agrees to hold harmless and indemnify the United States, its agents, representatives, and employees, from any and all claims, suits, or demands made upon them of whatever nature, in connection with, arising from, or relating in any way to the seizure and detention of the seized Properties, the filing of any lis pendens in connection with this case, or the execution of the Stipulation.  The Defendant acknowledges that this indemnification includes but is not limited to its agreement to reimburse the United States for any successful claims made to the seized Properties.

9. The Defendant acknowledges that it has been represented by competent counsel in connection with the negotiation, preparation, and execution of this Plea Agreement, that its provisions and the legal effect of them have been fully explained, and that it has entered into this Plea Agreement freely and voluntarily, without coercion, duress, or undue influence.

10. The United States and the Defendant agree that each party shall be responsible for its own attorney's fees and costs.

11. The parties to this agreement understand that this Plea Agreement and the attached Stipulation constitute the entire agreement between them; that no promise or inducement has been made except as is set forth herein; and that no representation, agreement, promise, or inducement, oral or otherwise, between the parties to this Plea Agreement and not included herein or in the Stipulation shall be of any force and effect.

In Open Court this 29 day of Nov , 2007.

_____  _____
SIGNATURE (Attorney for Defendant)   SIGNATURE (Defendant)
EDWARD T.M. GARLAND                  SUGAR BEAR, INC.
                                     MALIK KARIMI, PRESIDENT


_____
SIGNATURE (Attorney for Defendant)
JANICE SINGER

_____
SIGNATURE (Assistant U.S. Attorney)
RANDY S. CHARTASH

**THIS DOCUMENT IS A DRAFT FOR THE PURPOSE OF DISCUSSION. NO PLEA OFFER IS MADE UNTIL AND UNLESS THIS DOCUMENT IS SIGNED BY AN APPROVING OFFICIAL FROM THE UNITED STATES ATTORNEY'S OFFICE.**

_____
SIGNATURE (Approving Official)
RANDY S. CHARTASH

11-28-07
_____
DATE

    I have read the Information against SUGAR BEAR, INC. (the "Company") and have discussed it with the Company's attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict the Company at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with the Company's attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them on behalf of the Company. I also have discussed with the Company's attorney the rights the Company may have to appeal or challenge its sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent the Company, with the narrow exceptions stated, from appealing its sentence or challenging my sentence in any post-conviction proceeding. No one has threatened or forced me or the Company to plead guilty, and no promises or inducements have been made to me or the Company other than those discussed in the Plea Agreement. The discussions between the Company's attorney and

the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to the Company by the Company's attorney in this case.

_____        11/29/07
SIGNATURE (Defendant)                   DATE
SUGAR BEAR, INC.
MALIK KARIMI, PRESIDENT

I am SUGAR BEAR, INC.'s lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____        11/29/07
SIGNATURE (Defense Attorney)            DATE


INFORMATION BELOW MUST BE TYPED OR PRINTED


EDWARD T.M. GARLAND                     SUGAR BEAR, INC.
NAME (Attorney for Defendant)           MALIK KARIMI
                                        NAME (Defendant)

3151 Maple Dr                           1990 Lakeside Pkwy
STREET                                  STREET

Atlanta, GA 30327                       Tucker, GA 30084
CITY & STATE    ZIP CODE                CITY & STATE    ZIP CODE

PHONE NUMBER (404) 262-2225             PHONE NUMBER 770-414-1014

STATE BAR OF GEORGIA NUMBER 284900

Filed in Open Court


By _____

15

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION ||
|---|---|
| CRIMINAL ACTION NO.: | 1:04-CR-555-RWS |
| DEFENDANT'S NAME: | SUGAR BEAR, INC. |
| PAY THIS AMOUNT: | $400 |

INSTRUCTIONS:

1. PAYMENT MUST BE MADE BY **CERTIFIED CHECK** OR **MONEY ORDER** PAYABLE TO:

    CLERK OF COURT, U.S. DISTRICT COURT

    ***PERSONAL CHECKS WILL NOT BE ACCEPTED***

2. PAYMENT MUST REACH THE CLERK'S OFFICE WITHIN 30 DAYS OF THE ENTRY OF YOUR GUILTY PLEA

3. PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

    Clerk of Court, U.S. District Court
    600 East First Street
    Rome, Georgia  30161

    (Do not Send Cash)

4. INCLUDE DEFENDANT'S NAME ON **CERTIFIED CHECK** OR **MONEY ORDER**

5. ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT

6. PROVIDE PROOF OF PAYMENT TO THE ABOVE-SIGNED AUSA WITHIN 30 DAYS OF THE GUILTY PLEA